FILED

OCT 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA; BUTCH PARKER; SCOTT FLANNERY; WILLIAM CRAWFORD; TRUMAN JORDAN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> METAL TRADES DEPARTMENT, AFL-CIO; HANFORD ATOMIC METAL TRADES COUNCIL, <br><br> Defendants - Appellees. | No. 13-35095 <br><br> D.C. No. 2:11-cv-05159-TOR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted May 12, 2014
Seattle, Washington

Before: O'SCANNLAIN, KLEINFELD, and BERZON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The United Brotherhood of Carpenters and Joiners of America ("Carpenters") appeals the district court's dismissal for failure to state a claim of its suit against the Metal Trades Department, AFL-CIO, ("Metal Trades") and the Hanford Atomic Metal Trades Council. We describe the facts and procedural history and address the Carpenters' primary allegation in an opinion filed concurrently with this memorandum disposition. Here, we note that the Carpenters' complaint alleges that the Metal Trades violated the duty of fair representation by threatening job-related harm unless a Carpenters-affiliated worker switched unions; diverting Carpenters-affiliated workers' wages to other unions; declining to process Carpenters-affiliated workers' grievances; denying information to Carpenters-affiliated workers; and denying Carpenters-affiliated workers a voice on employment matters.[1]

Most of the complaint's "well-pleaded factual allegations," as opposed to "mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), allege that affiliated unions, not the Metal Trades, harmed individual Carpenters. The complaint contains no statements, in any terms, of what their affiliation relationship required the Metal Trades' affiliates to do or not do. *See* Restatement

---

[1]Although the Carpenters' complaint alleges other wrongs, the Carpenters' brief does not address them, and any challenges to their dismissal are waived. *See, e.g.*, *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1228 n.2 (9th Cir. 2013).

(Third) of Agency § 1.01 cmt. f(1). So there is no way to tell from the complaint what those affiliates "'reasonably underst[ood]" the Metal Trades' objectives to be. *See* Restatement (Third) of Agency § 2.02(1). Therefore the complaint does not "plausibly" suggest an agency relationship between the Metal Trades and its affiliates, much less a relationship encompassing every action taken by any affiliate anywhere against the Carpenters. *Petzschke v. Century Aluminum Co. (In re Century Aluminum Co. Sec. Litig.)*, 729 F.3d 1104, 1107–08 (9th Cir. 2013).

The complaint's factual allegations accuse affiliated unions, not the Metal Trades, of threatening job-related harm unless a worker switched unions and of diverting wages. Because the complaint fails to allege plausibly that the affiliates have an agency relationship with the Metal Trades, it fails to state a claim against the Metal Trades for those wrongs.

As to declining to process grievances, the Carpenters' complaint contains one factual allegation against the Metal Trades. But it does not plausibly allege that the Metal Trades "arbitrarily" or "perfunctorily" processed the worker's grievance in that instance, because it does not plausibly allege that the worker brought his grievance "to [the Metal Trades'] attention." *Diaz v. Int'l Longshore & Warehouse Union, Local 13*, 474 F.3d 1202, 1207 (9th Cir. 2007).

3

Similarly, the complaint alleges one example of the Metal Trades' denying information to individual Carpenters. But it does not allege that it was the Metal Trades' obligation to provide such information, nor that any "substantial prejudice to an employee, particularly the loss of employment" resulted. *Robesky v. Qantas Empire Airways Ltd.*, 573 F.2d 1082, 1090 n.17 (9th Cir. 1978).

Finally, the complaint's one factual allegation that the Metal Trades denied a "voice" to a Carpenters' member merely alleges that the worker was no longer allowed to participate in the negotiation of a collective bargaining agreement. But the duty of fair representation does not grant unaffiliated workers the right to negotiate for themselves. Such a right would be inconsistent with the Metal Trades' role as exclusive bargaining agent. *See* 29 U.S.C. § 159(a); *see also Emporium Capwell Co. v. W. Addition Cmty. Org.*, 420 U.S. 50, 69–70 (1975). The complaint does not plausibly allege that the Metal Trades failed to represent Carpenters' members fairly during the negotiations.

**AFFIRMED.**

4